UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,            NOTICE OF MOTION

                                                    Inf. No. 11 cr. 347 (S.L.T)

           v.

MAYER GINDI,
                  Defendant.
_____

      PLEASE TAKE NOTICE that on the annexed affidavit of Mayer Gindi, letter opinion from expert bankruptcy attorney, Timothy P. Neumann and affirmation of Albert Y. Dayan, the Information and all prior proceedings herein, the undersigned will move this Court, the Honorable Sandra L. Townes, at a time and place to be set by the Court, for an order pursuant to Rule 11(d), 11(b)(3) of the Federal Rules of Criminal Procedure permitting defendant to withdraw his guilty plea to count two of the Information and for such other and further relief as to the Court finds just and proper.

                                                                                Yours, etc.

                                                          _____/s/_____
                                                          Albert Y. Dayan
                                                          Attorney for defendant
                                                          Mayer Gindi
                                                          80-02 Kew Gardens Road
                                                          Kew Gardens, New York 11415
                                                          718-268-9400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    AFFIRMATION

                                          Inf. No. 11 cr. 347 - (S.L.T.)

       v.

MAYER GINDI,
              Defendant.
_____

        Albert Y. Dayan, being an attorney admitted to practice in the State of New York and before this Court, affirms and says:

        I am the attorney for defendant Mayer Gindi and make this Affirmation in support of his motion to withdraw his plea of guilty to Count Two of the information. Count Two alleged Bankruptcy Fraud in that defendant made a materially false statement in the bankruptcy petition in that he knowingly and fraudulently stated that the company of which he was President had not been involved in "litigation" within the last year prior to filing his application for Bankruptcy. It was the government's theory of prosecution that this failure to list the uncontested foreclosure had resulted in the Bankruptcy Court's temporary forestalled of the foreclosure to defendant's benefit.

        The plea of guilty to that Count was induced by Mr. Gindi's lack of understanding of the charge against him in that Count, a lack of understanding which was the product of his ineffective assistance of prior counsel in advising him to plead guilty without examining the issue of materiality of the misrepresentation.

        The ineffective assistance took the following form. The pertinent statement was not material to the bankruptcy petition and therefore defendant was counseled to plead guilty to an

information that did not charge a crime. The filing of a bankruptcy petition automatically works to stay the state foreclosure proceedings and that stay of proceedings is not dependent in any way on whether or not the petitioner had or had not revealed the existence of the state litigation and/or the foreclosure. And, the temporary stay or reversal of the foreclosure proceedings, including The Sheriff's Sale, by the Bankruptcy Court does not depend in any way on whether petitioner had or had not revealed the state litigation and/or foreclosure proceedings on his initial petition. (Please See, Expert Opinion Letter Attached Hereto)

Under Rule 11(b)(3) of the Federal Rules of Criminal Procedure, a district court judge has an obligation up through the entry of judgment to vacate a previously accepted guilty plea and enter a plea of not guilty on behalf of the defendant if it becomes clear that there no longer is a sufficient factual basis for the plea. *See, e.g. United States v. Culbertson, 670 F3d 183, 191 n.4 (2d Cir. 2012) (citing United States v. Smith, 160 F3d 117, 121 (2d Cir. 1998)).* The Second Circuit has said that, in determining whether such factual basis exists, judges should "match the fact in the record with the legal elements of the crime." *United States v. Calderon, 243 F3d 587, 589-90 (2001) (alteration in original) (citing United States v. Smith, 160 F3d 117, 121 (2d Cir. 1998).* Accordingly, defendant pled guilty, on the plainly erroneous advice of counsel, to the making of a materially false statement when in fact the statement was not material to the bankruptcy proceeding.

Therefore, Defendant's guilty plea should be withdrawn.

Respectfully Submitted,

_____/s/_____
ALBERT Y. DAYAN, ESQ.